### A09A0040. THE STATE v. WHITFIELD.
(680 SE2d 578)

BARNES, Judge.

Following the grant of an interlocutory appeal, the State appeals the holding of the trial court that, if Jimmie D. Whitfield is convicted for violating OCGA § 42-1-12 (n) (2) by providing false information when he registered as a sexual offender, the sentence that can be imposed is limited to imprisonment for not less than ten nor more than thirty years. The State contends the trial court erred because the Code section states that "upon the conviction of the second offense under this subsection, the defendant shall be punished by imprisonment for life." OCGA § 42-1-12 (n) (3).

After the appeal was docketed in this court, however, our Supreme Court issued its opinion in *Bradshaw v. State*, 284 Ga. 675, 683 (4) (671 SE2d 485) (2008), holding that "the imposition of a sentence of life imprisonment [for violating OCGA § 42-1-12 (n) a second time] is so harsh in comparison to the crime for which it was imposed that it is unconstitutional." (Footnote omitted.) Accordingly, although not for the reason given by the trial court, Whitfield cannot be sentenced to life imprisonment for violating OCGA § 42-1-12 (n), and resolution of the issue on appeal cannot benefit either party.

Therefore, this appeal is now moot and must be dismissed. OCGA § 5-6-48 (b) (3).

*Appeal dismissed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellant.
*Brittney Coons-Long*, for appellee.

